UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARRELL 'GARY' MCCUTCHEON, JR. and MELISSA K. MCCUTCHEON, <br><br> Plaintiffs, <br><br> vs. <br><br> PAVCO TRUCKING CO., INC. and TITAN TRANSFER, INC., <br><br> Defendants. | Case No. 1:15-cv-00116-SEB-DML |

# Report and Recommendation Regarding Subject Matter Jurisdiction and to Dismiss the Plaintiffs' Complaint Without Prejudice

The Magistrate Judge makes this report and recommendation that the District Judge dismiss the plaintiffs' complaint without prejudice because of the lack of subject matter jurisdiction. On February 5, 2015, the court ordered the plaintiffs to show cause establishing the court's subject matter jurisdiction. On February 12, 2015, the plaintiffs filed their response to the show cause order. As explained below, the plaintiffs have not shown that the court has subject matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012) (party invoking court's jurisdiction has duty to establish it).

## Analysis

**A.    Plaintiffs invoke federal question jurisdiction under Section 1331.**

The plaintiffs' complaint raises state law claims only but invokes federal question jurisdiction under 28 U.S.C. § 1331. They contend that because their state law claims depend, in part, on whether the defendants violated certain federal statutes or regulations, their case is predicated on a substantial and disputed question of federal law sufficient to permit the exercise of federal question jurisdiction. *See* Plaintiffs' Response to Order to Show Cause, Dkt. 9, at pp. 4-5. The plaintiffs do not suggest that their complaint brings a federal cause of action, and the court finds that the complaint cannot fairly be read to raise a federal cause of action.

The plaintiffs allege that defendant Pavco Trucking Co. (which was later sold to defendant Titan Transfer, Inc.) unlawfully—in violation of Indiana law—terminated their employment as truck drivers in retaliation for their having (a) filed workers' compensation claims, (b) reported safety hazards in exercise of statutorily-conferred duties supplied by federal regulations governing motor carrier safety; and/or (c) refused to violate statutory obligations under federal motor carrier safety regulations to decline to drive a commercial vehicle that is not safe or that leaks carbon monoxide in a way likely to endanger the occupants of the vehicle.

The plaintiffs contend that because their state law wrongful termination claims rely in part on public policy obligations imposed on their employer or themselves by federal motor carrier regulations, their case is thus predicated on a

substantial and disputed question of federal law sufficient to permit the exercise of federal question jurisdiction. *See* Plaintiffs' Response to Order to Show Cause, Dkt. 9, at pp. 4-5.

The court disagrees that the underlay of federal motor carrier regulations is sufficient to invoke federal question jurisdiction in this case.

**B.   Supreme Court precedent requires a substantial and actually disputed question of federal law and consideration of traditional state judicial responsibilities.**

In *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S. Ct. 2363 (2005), the Court emphasized that a federal *issue* (as opposed to a federal cause of action) does not open the door to federal court except where the questions of federal law embedded in state law claims are substantial and actually contested and disputed *and* a federal forum's adjudication of the state law claims would not "disturb[] any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314.

*Grable* was a state-law quiet title action. The defendant had purchased the subject property at a federal tax sale. The plaintiff, which had owned the property, alleged that the defendant's tax deed was invalid because the Internal Revenue Service had not given the plaintiff notice of the sale in the manner required under federal tax law. The only disputed issue in the case was whether the plaintiff had received notice from the IRS in compliance with federal law. That issue implicated strong federal interests: the duties of federal officials in providing notices of federal tax sales, the validity of a deed from a federal agency, and the collection and

3

potential refund of federal taxes. The Court also found that exercising federal jurisdiction over such a state-law quiet title claim raising a disputed question of federal tax law was likely to be a rare occurrence and would not disturb federal-state judicial responsibilities. 545 U.S. at 315-16 and 320 ("It is the rare state quiet title action that involves contested issues of federal law. . . .")

*Grable* contrasted an earlier case, *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S. Ct. 3229 (1986), in which a question of federal law embedded in a state law claim was found insufficient to confer federal jurisdiction under 28 U.S.C. § 1331. In *Merrell Dow,* the plaintiff alleged the drug company had violated federal statutory drug branding requirements and that that violation of federal law made the drug company negligent *per se* under Ohio state law negligence principles. Even though the plaintiff's negligence claim would require the court to interpret and apply the federal branding law, the Court held that the claim did not arise under federal law for purposes of section 1331. *Grable* explained that *Merrell Dow* did not permit federal jurisdiction for a typical state law negligence claim relying on a federal statute as the source of the duty and its violation as the breach, because otherwise there could be "an enormous shift of traditionally state cases into federal court," inconsistent with the limited jurisdiction of federal courts. 545 U.S. at 319.

Case law after *Grable* stresses the narrowness of the road to federal court for state law claims for which there is an embedded federal law issue. In *Empire Healthcare Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S. Ct. 2121 (2006), the

Court found that the plaintiff's contract law claim "cannot be squeezed into the slim category *Grable* exemplifies." 547 U.S. at 701.

This case is not like *Grable*. It does not involve the conduct of federal actors, and the interpretation and application of the federal motor carrier regulations would not resolve the case. Indiana state employment at-will policies and exceptions to those policies are the touchstone to resolution. Further, it is not even clear that the requirements of the federal motor carrier regulations raised in this case are actually disputed between the parties. Rather, the issue will be whether, if those regulations were violated or cover the actions of the plaintiffs, the defendants' termination of the plaintiffs' employment was wrongful as a matter of Indiana state law and an exception to Indiana's at-will employment doctrine. This case falls on the *Merrell Dow* side of the line where federal law supplies the duties and responsibilities serving as the predicate for a traditional state law claim. As in *Merrell Dow,* the embedded federal law issues in this case do not give rise to federal jurisdiction under section 1331.

## **Conclusion**

For the foregoing reasons, the magistrate judge finds that the plaintiffs' complaint does not arise under federal law within the meaning of 28 U.S.C. § 1331 and recommends that the District Judge dismiss the complaint without prejudice because of the lack of subject matter jurisdiction.

Any objections by any of the parties to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P 72(b). The

failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.

IT IS SO RECOMMENDED.

Dated: April 8, 2015

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system